SEAVEY *et al. v.* LINCOLN COUNTY.

[88 South. 771,  No. 22038.]

HIGHWAYS.  *When proceeds of road bonds may be used for repair and reconstruction stated; "construct."*

Although sections 331-333, Code 1906 (sections 3704-3706, Hemingway's Code), provide for the issuance of county road bonds "for building bridges and constructing public roads," nevertheless, where a county issuing road bonds under said act had also adopted chapter 276, Laws of 1920, which among other things provide that "the board of supervisors may, in their discretion use any funds heretofore or hereafter raised by bond issue or otherwise for working, constructing, and maintaining public roads as herein provided," it may use the proceeds of such bonds, not only for the original construction of the public roads but, in addition, may use the same for the repair, reconstruction, and maintenance of roads already built, provided that before the proceeds of such a bond issue can be used on those roads specially

selected, constructed, and maintained under chapter 149, Laws of 1910, and amendments thereto, sections 7158 to 7178, inclusive, Hemingway's Code, the road district or districts in which said specially selected roads are situated must be turned over to the county under the authority of chapter 178, Laws of 1914 (sections 7239 and 7240, Hemingway's Code); for, unless this is done, there would be a conflict of control and supervision over such roads between the county road commissioner and the district road commissioners.

APPEAL from chancery court of Lincoln county.

HON. V. J. STRICKER, Chancellor.

Bill by W. H. Seavey and others against Lincoln County for an injunction. From a decree dissolving a temporary injunction and dismissing the bill, complainants appeal. Affirmed and remanded.

*Brady & Dean,* for appellants.

*H. V. Wall* and *A. A. Cohn,* for appellee.

ANDERSON, J., delivered the opinion of the court.

This is a bill by the appellants, taxpayers of Lincoln county, against the board of supervisors and other officers of said county, necessary to be made parties defendant, appellees, seeking to enjoin appellees from appropriating all or any part of the proceeds of a four hundred thousand dollar road bond issue of said county to the repair of any of the public roads of the county. Appellees demurred to the bill and by agreement of counsel representing the respective parties, the cause was set down and finally heard on bill and exhibits thereto, and demurrer, and the court rendered a decree dissolving the temporary injunction and dismissing the bill, from which appellants prosecute this appeal.

The bill alleges, in substance: That each of the five supervisors' districts of Lincoln county had—some time before the issuance of the four hundred thousand dollar

county road bonds in question—been organized into a separate road district under chapter 149, Laws of 1910, and amendments thereto (sections 7158 to 7178, inclusive, Hemingway's Code), and the board of supervisors had appointed road commissioners, and issued and sold bonds, as provided by said act, and the road commissioners for each of said districts, as authorized by the act, had selected certain roads to be built in their districts, and, out of the proceeds of such bonds, had constructed the same, and annually thereafter the board of supervisors had levied a tax on the taxable property of each of said districts for the maintenance and upkeep of the roads so selected and built, as provided for in section 6 of the act (section 7163, Hemingway's Code). That the organization of these road districts began in 1911, and the last one was organized in 1919. That in November, 1920, the board of supervisors issued and sold, under sections 331, 332, and 333, Code 1906 (sections 3704, 3705, and 3706, Hemingway's Code), four hundred thousand dollars of county bonds "for building bridges and constructing public roads," the proceeds of which are now in the county treasury. That the board had adopted in the manner provided by law (chapter 276, Laws of 1920, amendatory of chapter 150, Laws of 1910, chapters 257 and 258, Laws of 1912, and chapters 172 and 177, Laws of 1916; sections 7151 to 7157, inclusive, Hemingway's Code), and had appointed a county road commissioner as provided in said act. That each of the said five road districts in the county had expended the proceeds of its bonds in building roads; and now, since the issuance and sale by the county of said county road bonds in the sum of four hundred thousand dollars, by agreement between the board of supervisors and the commissioners of each of said districts, such commissioners are proceeding to turn over to the county, under the authority of chapter 178, Laws of 1914 (section 7239, 7240, Hemingway's Code), the roads so constructed by them in their respective districts. That when this is done it is the declared purpose of the board of supervisors to spend the proceeds of this four hundred

thousand dollar county bond issue, not alone in constructing roads, but in repairing and reconstructing roads already built, including those of said five road districts,
specially selected by the commissioners of said districts and
constructed from the proceeds of the bond issue therein;
and in purchasing from the county, or any separate road
district therein, trucks, tractors, grading machines, loaders, explosives, and any other equipment useful in road
construction.

We will consider first the contention on behalf of the
appellants that, in view of the fact that these county bonds
were issued under sections 331, 332, and 333, Code 1906
(sections 3704, 3705, and 3706, Hemingway's Code), which
in express terms only authorized their issuance for the purpose of "building bridges" and "constructing public roads,"
their proceeds must be devoted exclusively to the original
construction of roads and building bridges, and that
neither the whole nor any part of the same can be used in
repairing or rebuilding any roads whatever. On behalf of
appellee it is contended that the language of the statute in
question was intended by the legislature to be used in its
comprehensive sense; and, using it in such a sense, "construct" means not alone original building, but as well repairing and reconstructing roads already constructed. In
considering the question it must be borne in mind that the
board of supervisors has adopted as a part of its county
road improvement scheme chapter 276, Laws of 1920, the
first section of which, among other things, provides:

"And the board of supervisors may, in their discretion,
use any funds heretofore or hereafter raised by bond issue
or otherwise for working, constructing and maintaining
public roads as herein provided."

Construing the statute under which the bonds were issued in connection with this statute, it is at once evident
that the board of supervisors are given the power in their
discretion (when this latter statute has been adopted)
to use the proceeds of *any* road bond issue for reconstruct-

ing and maintaining, as well as constructing originally, the public roads of the county.

The other question in the case is whether or not this construction of said statute applies to all roads included in those built and maintained in each of the five road districts of the county, organized under chapter 149, Laws 1910, and the amendments thereto (sections 7158 to 7178, inclusive, Hemingway's Code). This act provides for the construction and maintenance of roads specially selected for that purpose by the road commissioners—the funds for such construction to be raised by bond issue, and the maintenance fund by a special annual tax levy for that purpose —and it gives the commissioners rather large powers of control over such specially selected roads. If by. the adoption of chapter 276, Laws of 1920 (sections 7151 to 7157, inclusive, Hemingway's Code), the county road commissioner selected thereunder has equal power and jurisdiction with the district road commissioners over the repair and maintenance of such specially selected roads, it is at once apparent that conflict of authority may often occur. The authority over such roads cannot be thus divided; the county and the district road commissioners cannot together occupy the field. In the opinion of the court, in order to justify the county commissioner in taking charge of and expending any part of the proceeds of said four hundred thousand dollars 'county bond issue on such specially selected, constructed, and maintained district roads, it is necessary that the road district or districts wherein such roads are situated be first turned over to the county under the authority of chapter 178, Laws of 1914 (sections 7239, 7240, Hemingway's Code), and that, when this is done, the board of supervisors, through the county road commissioner, may use said funds for reconstructing, repairing, and maintaining such roads. As the court understands, this is what was held by the court below; for the case was decided on bill and demurrer, and the bill alleged that the county was proceeding to take

over these roads from each of the five districts, under said chapter 178, Laws of 1914 (sections 7239, 7240, Hemingway's Code.)

*Affirmed and remanded.*